

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Hon. John S. Judd, Jr.,
Acting Executive Secretary,
Teacher Retirement System,
Austin, Texas.

Dear Sir:

Opinion No. O-3903
Re:  Refund of sums erroneously
paid to the System by Hobbs
Independent School District.

We have your letter of August 20, 1941, submitting
the following facts and request for opinion:

"Under date of March 6, 1939, the Hobbs Independent
School District forwarded us a remittance covering deduc-
tions made from salaries of members of the Teacher Retire-
ment System employed by the Hobbs Independent School
District in the month of February, 1939. Said deductions
were made and remittance forwarded in accordance with the
provisions of the Teacher Retirement law. Under date of
July 21, 1939, Hobbs Independent School District forwarded
to the Teacher Retirement System a second remittance
covering contributions based on service in the month of
February, 1939. The Teacher Retirement System accepted
this second remittance and forwarded the remittance to
the State Treasurer for deposit in the Teacher Saving
Fund of the Teacher Retirement System. Upon subsequently
auditing the account of the Hobbs Independent School
District, we found that such district had made the
second remittance to us through error. We thereupon
secured an affidavit from the President of the School
Board to the effect that such second remittance was
made through error and should be returned to the Hobbs
Independent School District. A copy of such affidavit
is enclosed. We likewise secured an affidavit from
each of the members involved supporting the affidavit
of the President of the School Board of Hobbs Independent
School District. We enclose a copy of one of the sup-
porting affidavits.

Hon. John S. Budd, Jr., page 2

"Under date of August 14, 1941, we submitted a properly executed voucher to the Comptroller of Public Accounts requesting that he issue a warrant against the Teacher Saving Fund payable to the Hobbs Independent School District for the amount due the Hobbs Independent School District on account of such overpayment. The State Comptroller of Public Accounts notified us that they would not honor our request contained in such voucher until a ruling from the Attorney General had been received to the effect that it would be proper for them to issue such warrant. The Comptroller's Department requested me to specifically refer you to a case entitled 'Vernonia Cotton Oil Mill versus Geo. Sheppard.'

". . ."

"We therefore request that you give us an opinion as to whether the State Comptroller should honor a properly executed request by the Teacher Retirement System for a warrant to be drawn against the Teacher Saving Fund covering items which were deposited to the Teacher Saving Fund through error.

The teachers' affidavits referred to in your letter show that these sums were not deducted from the teachers' salaries and they make no claim to the sums sought to be refunded.

The Teacher Retirement Act may be cited as Article 2928-1, Vernon's Annotated Civil Statutes. A part of the funds for the operation are provided by the State, and a part is provided through the deduction of a percentage of teachers' pay and the bringing of such deducted sums into the funds of the System.

Sec. 2 reads in part as follows:

"A Retirement System is hereby established and placed under the management of the State Board of Trustees as hereinafter created for the purpose of providing retirement allowances and other benefits under the provisions of this Act for teachers as defined in this Act."

Sec. 7(1) of the Act reads:

476

"The State Board of Trustees shall be the trustees of the several funds as herein created by this Act, and shall have full power to invest and reinvest such funds subject to the following limitations and restrictions: All retirement funds, as are received by the Treasury of the State of Texas from contributions of teachers and employers as herein provided, may be invested only in bonds of the United States, the State of Texas, or cities, or school districts of this State, wherein said counties, or cities, or school districts have not defaulted in principal or interest on bonds within a period of ten (10) years, or in bonds issued by any agency of the United States Government, the payment of the principal and interest on which is guaranteed by the United States; and in interest-bearing notes or bonds of the University of Texas issued under and by virtue of Chapter 40, Acts of the Forty-third Legislature, Second Called Session; provided that a sufficient amount of said funds shall be kept on hand to meet the immediate payment of the amounts that may become due each year as provided in this Act. The State Board of Trustees shall have full power by proper resolution to hold, purchase, sell, assign, transfer, and dispose of any of the securities and investments in which any of the funds created herein shall have been invested, as well as the proceeds of said investments and any moneys belonging to said funds, provided that any money on hand shall be subject to the State Depository Laws of Texas."

Sec. 7(3) provides in part:

"The Treasurer of the State of Texas shall be the custodian of all bonds, securities, and funds."

Sec. 8-1(a), (b) and (c) reads:

"1. The Teacher Saving Fund.
"(a) The Teacher Saving Fund shall be a fund in which shall be accumulated regular five (5) per centum contributions from the compensation of members, including current interest earnings. Contributions to and payments from the Teacher Saving Fund shall be made as follows:

"(b)  Each employer shall cause to be deducted from the salary of each member on each and every pay roll of such employer for each and every pay roll period, five (5) per centum of his earnable compensation, provided that the sum of the deductions made for a member shall not exceed One Hundred and Eighty Dollars ($180) during any one (1) year.  Deductions shall begin with the first pay roll period of the school year 1937-38.  In determining the amount earnable by a member in a pay roll period, the State Board of Trustees may consider the rate of annual compensation payable to such member on the first day of the pay roll period as continuing throughout such pay roll period, and it may omit deduction from compensation for any period less than a full pay roll period if a teacher was not a member on the first day of the pay roll period, and to facilitate the making of deductions, it may modify the deduction required of any member by such an amount as shall not exceed one-tenth (1/10) of one (1) per centum of the annual compensation upon the basis of which such deduction is to be made.

"(c).  The deductions provided for herein shall be made notwithstanding that the minimum compensation provided for by law for any member shall be reduced thereby.  Every member shall be deemed to consent and agree to the deductions made and provided for herein and shall receipt for his full salary or compensation, and payment of salary or compensation, less said deduction, shall be a full and complete discharge and acquittance of all claims and demands whatsoever for the services rendered by such person during the period covered by such payment, except as to the benefits provided under this Act.  The employer shall certify to the State Board of Trusttes on each and every pay roll, or in such other manner as said Board may prescribe, the amounts to be deducted; and each of said amounts shall be deducted, and when deducted shall be paid into said Teacher Saving Fund, and shall be credited, to the individual account of the member from whose compensation said deduction was made."

We also find in Sec. 8-8(1)(d) the following:

"The State Treasurer shall furnish annually to the State Board of Trustees a sworn statement of the amount of the funds in his custody belonging to the Retirement System."

Hon. John S. Rudd, Jr., page 5

Sec. 11 of the Act provides:

"The Treasurer of the State of Texas shall, upon
becoming custodian of the Teacher Retirement Fund, give
a bond in the sum of Fifty Thousand ($50,000.00) Dollars;
the Executive Secretary shall give bond in the sum of
Twenty-five Thousand ($25,000.00) Dollars, and the State
Board of Trustees shall require any other employees and
members of the State Board of Trustees to give bond in
such amounts as the Board may deem necessary, conditioned
that said bonded persons will faithfully execute the
duties of the respective offices. All bonds shall be
made with a good and solvent surety company, authorized
to do business in the State of Texas, said bonds shall
be made payable to the State Board of Trustees and shall
be approved by it and the Attorney General of Texas.
All expense necessary and incident to the execution of
such bonds, including premiums thereon, shall be paid
by the State Board of Trustees from the Expense Fund."

It is noted that the money thus paid by mistake
into the System by the Hobbs school authorities was not
deducted from the salaries of the teachers, nor did such
teachers pay such sums in any other manner. It was delivered
to the System by the collector, the employing school district.
Hence, the question decided in Corsicana Cotton Mills v.
Sheppard, 71 S. W. (2d) 247, to which you directed our atten-
tion is not involved.

In the case of Friedman v. American Surety Company,
151 S. W. (2d) 570, the Supreme Court held that the Unemploy-
ment Compensation Fund was not subject to the appropriation
provision, Article 8, Section 6, of our Constitution. From
the opinion in that case we quote briefly:

". . . The money here involved is not the property
of the state in any capacity, but is a trust fund to be
held out of the State Treasury, but in the hands of the
State Treasurer as trustee, for the benefit of a class
of employees whose employers pay it in by virtue of a
tax levied, the tax being in the nature of an excise tax."

Hon. John S. Rudd, Jr., page 6

        There is nothing to differentiate the nature of these two funds, that is, the Unemployment Compensation Fund and the Teacher Saving Fund, in respect to said Article 8, Section 6. The State Treasurer is only the custodian or trustee of the moneys in the Teacher Saving Fund for the benefit of the contributing teachers. Such fund is not the property of the State in the usual sense. These moneys being under the management and control of the State Board of Trustees, it is our opinion that upon entry of an order by that body for such warrant the Comptroller will be authorized to issue the same.

                         Yours very truly

                  ATTORNEY GENERAL OF TEXAS

          By   *Glenn R. Lewis*

                  Glenn R. Lewis
                    Assistant

GRL:AMA

        APPROVED SEP 23, 1941

        *Gerald C. Mann*

        ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN